IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ALTA TOWERS, LLC, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Civil Action No.  SA-16-CV-726-XR |
| | § | |
| CITY OF NEW BRAUNFELS, ET AL., | § | |
| | § | |
| *Defendants*. | § | |
| | § | |

**ORDER**

On this day came on to be considered Defendants' Amended Motion to dismiss (docket no. 15).

**BACKGROUND**

Plaintiff filed an application with the City's Zoning Board of Adjustment seeking to construct a wireless telecommunications facility at 1421 Hanz Drive.  Plaintiff alleges that the property is zoned C-1Ar49 (neighborhood business district) and that the zoning regulations for the property permit the installation of "stealth towers" that are 150 feet or less in height, so long as certain set back requirements are met.  Plaintiff further alleges that the City's Code section 144-5.7-5(e) states that if an "applicant meets the requirements of this chapter, administrative approval for the tower shall be granted by the planning department, and the applicant may apply for a building permit."

Alta Towers alleges in their Complaint that on April 8, 2016, the City's Director of the Planning Department notified Plaintiff's agents that the proposed tower did not qualify as a "stealth tower" and that Plaintiff would be required to request a rezoning through a special use

permit. In response to this development, Plaintiff alleges that the tower was redesigned as a "stealth" flagpole, which included a flag of the United States. Plaintiff alleges that this new design was submitted to the City, along with information indicating that the City had previously approved two other 150 feet flagpole "stealth" towers.

Plaintiff complains that notwithstanding their new design, Defendants denied the amended application on April 19, 2016 stating the tower did not qualify as a "stealth tower" and it did not "blend into its contextual surrounding" and would "dominate the skyline of the immediate vicinity and be visible" to nearby residents."

Plaintiffs complain that the City's code does not provide for a definition of a stealth tower, that the City has previously granted other similar flagpole designs and the denial of the amended application is erroneous and unsupported by the record.

On May 20, 2016, Plaintiff filed an appeal of the denial to the Zoning Board of Adjustment (ZBA). A public hearing was held on June 23, and the ZBA affirmed denial on June 28.

Thereafter, Plaintiff filed its Complaint in this federal district court pursuant to 47 U.S.C. §332(c)(7).

Alta Towers alleges that the denial of the application was not supported by substantial evidence and "unreasonably discriminates among providers of functionally equivalent services, and it effectively prohibits personal wireless service in the vicinity of the proposed facility." Plaintiff alleges that the denial violates the Federal Communications Act, 47 U.S.C. §332(c)(7)[1]. Plaintiff seeks an injunction ordering the City to grant the application.

---

[1] "(7) Preservation of local zoning authority

**Defendants' Amended Motion to Dismiss**

Defendants argue that Plaintiff has failed to exhaust its administrative remedies, arguing that a claim under the Federal Communications Act cannot be brought until there has been a final action by the City. Defendants contend that although Alta Towers filed an appeal with the ZBA, Texas law provides for a second administrative appeal under Texas Local Gov't Code section 211.011.[2] Inasmuch as Plaintiff has not filed a petition in the state district court and

---

(A) General authority
Except as provided in this paragraph, nothing in this chapter shall limit or affect the authority of a State or local government or instrumentality thereof over decisions regarding the placement, construction, and modification of personal wireless service facilities.
(B) Limitations
(i) The regulation of the placement, construction, and modification of personal wireless service facilities by any State or local government or instrumentality thereof—
(I) shall not unreasonably discriminate among providers of functionally equivalent services; and
(II) shall not prohibit or have the effect of prohibiting the provision of personal wireless services.
(ii) A State or local government or instrumentality thereof shall act on any request for authorization to place, construct, or modify personal wireless service facilities within a reasonable period of time after the request is duly filed with such government or instrumentality, taking into account the nature and scope of such request.
(iii) Any decision by a State or local government or instrumentality thereof to deny a request to place, construct, or modify personal wireless service facilities shall be in writing and supported by substantial evidence contained in a written record.
(iv) No State or local government or instrumentality thereof may regulate the placement, construction, and modification of personal wireless service facilities on the basis of the environmental effects of radio frequency emissions to the extent that such facilities comply with the Commission's regulations concerning such emissions.
(v) Any person adversely affected by any final action or failure to act by a State or local government or any instrumentality thereof that is inconsistent with this subparagraph may, within 30 days after such action or failure to act, commence an action in any court of competent jurisdiction. The court shall hear and decide such action on an expedited basis. Any person adversely affected by an act or failure to act by a State or local government or any instrumentality thereof that is inconsistent with clause (iv) may petition the Commission for relief."47 U.S.C.A. § 332.
[2]"(a) Any of the following persons may present to a district court, county court, or county court at law a verified petition stating that the decision of the board of adjustment is illegal in whole or in part and specifying the grounds of the illegality:
(1) a person aggrieved by a decision of the board;
(2) a taxpayer; or
(3) an officer, department, board, or bureau of the municipality.
(b) The petition must be presented within 10 days after the date the decision is filed in the board's office.
(c) On the presentation of the petition, the court may grant a writ of certiorari directed to the board to review the board's decision. The writ must indicate the time by which the board's return must be made and served on the petitioner's attorney, which must be after 10 days and may be extended by the court. Granting of the writ does not stay the proceedings on the decision under appeal, but on application and after notice to the board the court may grant a restraining order if due cause is shown.

completed that proceeding, Defendants argue that there has been no final action upon which Defendants can now proceed in this federal district court.

## Analysis

The Defendants argue that no final action is present in this case because the Local Government Code section 211.011 is part of the administrative process which must be exhausted before this TCA action may be brought in this federal court. This Court rejects this argument.

Defendants argue that under section 211.011 a "return" is somehow different than the original record. They argue that in response to any petition filed in the state district court for a writ of certiorari, "the ZBA would have the right to formulate[3] and file a 'return' with the state district court that would disclose the pertinent and material facts which show the grounds of the ZBA's decision under appeal." Tex. Loc. Gov't Code § 211.011(d). Thus, the ZBA has not rendered its last word, and this Court cannot review the sufficiency of the ZBA's written record." Docket no. 15 at p.4.

---

(d) The board's return must be verified and must concisely state any pertinent and material facts that show the grounds of the decision under appeal. The board is not required to return the original documents on which the board acted but may return certified or sworn copies of the documents or parts of the documents as required by the writ.
(e) If at the hearing the court determines that testimony is necessary for the proper disposition of the matter, it may take evidence or appoint a referee to take evidence as directed. The referee shall report the evidence to the court with the referee's findings of fact and conclusions of law. The referee's report constitutes a part of the proceedings on which the court shall make its decision.
(f) The court may reverse or affirm, in whole or in part, or modify the decision that is appealed. Costs may not be assessed against the board unless the court determines that the board acted with gross negligence, in bad faith, or with malice in making its decision.
(g) The court may not apply a different standard of review to a decision of a board of adjustment that is composed of members of the governing body of the municipality under Section 211.008(g) than is applied to a decision of a board of adjustment that does not contain members of the governing body of a municipality." Tex. Loc. Gov't Code Ann. § 211.011.
[3] Defendants argue that they "might opt to file a verified return that defends their decision but that significantly alters or supplements their current written record." Docket no. 15 at p. 6.

Defendants' argument is misplaced. The record of its decision is "otherwise known as a return." See *City of San Antonio Bd. of Adjustment v. Reilly*, 429 S.W.3d 707, 710 (Tex. App. – San Antonio 2014, no pet.). The return is not the original record which now the ZBA somehow gets to augment or edit. It is the final decision. This makes sense in the scheme laid out in Local Government Code section 211. The state district court "sits only as a court of review, and the only question before it is the legality of the [board of adjustment] order." *Bd. of Adjustment for City of San Antonio v. Kennedy*, 410 S.W.3d 31, 34–35 (Tex. App. – San Antonio 2013, pet. denied). The state court does "not put itself in the position of the board and substitute its findings for those of the board." *Id*.

Defendants' arguments that "new" evidence may be heard by the state trial court and the ZBA gets to alter its reasoning in light thereof is novel. Based upon section 211.011(e), the state district court may "take evidence or appoint a referee to take evidence as directed." Further, if the state district court appoints a referee, the "referee shall report the evidence to the court with the referee's findings of fact and conclusions of law. The referee's report constitutes a part of the proceedings on which the court shall make its decision."

Texas caselaw interpreting section 211, however, makes clear that the judicial review is not a trial de novo where facts are established. Rather, the state district court must only answer a question of law, i.e., whether the Board of Adjustment abused its discretion. See *Bd. of Adjustment of City of Corpus Christi v. Flores*, 860 S.W.2d 622, 625 (Tex. App. – Corpus Christi 1993, writ denied). Although during its review the state district court considers the original papers before the Board, as well as evidence introduced before the state court proceeding, it is

only receiving this evidence to establish whether the Board abused its discretion. This scheme does not alter the fact that once the ZBA issued its denial that was its final action.

Defendants' reliance upon *Global Tower Assets, LLC v. Town of Rome*, 810 F.3d 77 (1st Cir. 2016) is also misplaced. In that case the First Circuit noted that the denial of a permit by the zoning board was not final because the decision was still subject to an appeal to an *administrative* Board of Appeals. It was the "prospect of relief via administrative (rather than judicial) appeal that grounds the contention that there has not yet been a 'final administrative action.'" *Id*. at 83. Indeed, in the context of the same procedural posture here – final action by the ZBA and appeal to a judicial court, the First Circuit rejected the arguments advanced by Defendants here. See *Omnipoint Holdings, Inc. v. City of Cranston*, 586 F.3d 38, 47 (1st Cir. 2009) ("a zoning board's decision is a final action and Omnipoint did not need to seek judicial review under state law of that board decision.").

The legislative history of the Federal Communications Act defines "final action" as a "final administrative action at the State or local government level so that a party can commence action under [the Act] rather than waiting for the exhaustion of any independent State court remedy otherwise required." H.R. Conf. Rep. No. 104–458, at 209 (1996). In this case, it is undisputed that the New Braunfels ZBA is a local governmental body established pursuant to Local Gov't Code section 211.008. See City of New Braunfels, Code of Ordinances, section 144-2.2. Section 144-2.2-9 provides that any person aggrieved by a decision by the ZBA may file a petition in the state court. Accordingly, there are no other administrative processes that must be exhausted prior to the filing of a petition in the state courts. Defendants' reliance upon *Lamar Corp. v. City of Longview*, 270 S.W.3d 609 (Tex. App. – Texarkana 2008, no pet.)

also fails. That court merely held that the certiorari requirement of Tex. Local Gov't Code section 211 is an administrative remedy which must be exhausted before board decisions may be brought before the state district courts. *Id*. at 613. That decision did not address or control what was a final agency action for purposes of filing a complaint in federal court under the Federal Communications Act. Indeed, the *Lamar Corp*. court recognized that zoning boards of adjustment were recognized under Texas law as quasi-judicial bodies and the state district court sits only as a court of review by writ of certiorari. *Id.*  *Lamar Corp*. supports the argument that the ZBA's decision is a final agency action.

Finally, Defendants rhetorically posit the following question: "Until the section 211.011 process is underway, there is not yet any such return. How, then, can this Court review the sufficiency of Defendants' written record under section 332(c)(7)(B)(iii)?"

Here is their answer. The Defendants issued a written decision on April 19, 2016 stating the proposed tower did not qualify as a "stealth tower," did not "blend into its contextual surrounding" and would "dominate the skyline of the immediate vicinity and be visible to nearby residents." This was the "final action." This "final action" will be reviewed for "substantial evidence." This reviewing court "must take into account contradictory evidence in the record," but not "re-weigh the evidence or substitute [its] judgment for the judgment of the local government*." U.S. Cellular Corp. v. City of Wichita Falls, Tex*., 364 F.3d 250, 256 (5th Cir. 2004). Substantial evidence review is therefore "highly deferential." *Id*.

"The plaintiff carries the burden of proving that no substantial evidence supports the local government's decision." *Id*. But, "In the context of the Telecommunications Act, the substantial evidence standard limits the types of reasons that a zoning authority may use to

justify its decision. First, 'generalized concerns' about aesthetics or property values do not constitute substantial evidence." *Id*. Secondly, the Telecommunications Act "is centrally directed at whether the local zoning authority's decision is consistent with the applicable zoning requirements." *Id*.

## Conclusion

Defendants' Amended Motion to Dismiss is denied (docket no 15).

It is so ORDERED.

SIGNED this 4th day of December, 2016.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE